**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4281**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

ELI STAFFORD,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, District Judge.  (4:10-cr-00075-FL-1)

Submitted:  February 28, 2013      Decided:  March 15, 2013

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James S. Weidner, Jr., LAW OFFICE OF JAMES S. WEIDNER, JR., Charlotte, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eli Stafford was found guilty following a jury trial of possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 851 (2006), use and carrying of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (2006), and being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006), resulting in a sentence of 420 months' imprisonment. On appeal, Stafford argues that the district court erred by denying his motion to suppress the fruits of a warrantless search of his automobile after a prolonged traffic stop, and that the district court erred by not requiring the Government to prove prior convictions noticed under 21 U.S.C. § 851 (2006) beyond a reasonable doubt. This appeal was placed in abeyance pending the Supreme Court's decision in Florida v. Harris, No. 11-817, __ S. Ct. __, 2013 WL 598440 (U.S. Feb. 19, 2013). Harris was decided on February 19, 2013. Therefore, this appeal is now ripe for review. We affirm.

Stafford first challenges the district court's denial of his suppression motion. In considering this claim, "we review the district court's legal determinations de novo and its factual determinations for clear error." United States v. Vaughan, 700 F.3d 705, 709 (4th Cir. 2012). Using the analytic

2

framework of Terry v. Ohio, 392 U.S. 1 (1968), we determine first whether the officer's actions were justified at the inception of the traffic stop. If they were, we then address "whether the continued stop was sufficiently limited in scope and duration." Vaughan, 700 F.3d at 709 (internal quotation marks omitted). Here, it is undisputed that the initial traffic stop was justified.

Following a traffic stop, an officer may:

> detain the offending vehicle for as long as it takes to perform the traditional incidents of a routine traffic stop. . . . [The] officer may request a driver's license and vehicle registration, run a computer check, and issue a citation. . . . [O]nce the driver has demonstrated that he is entitled to operate his vehicle, and the police officer has issued the requisite warning or ticket, the driver must be allowed to proceed on his way. . . . If a police officer wants to detain a driver beyond the scope of a routine traffic stop, . . . he must possess a justification for doing so other than the initial traffic violation. . . . Thus, a prolonged automobile stop requires either the driver's consent or a reasonable suspicion that illegal activity is afoot.

United States v. Branch, 537 F.3d 328, 337 (4th Cir. 2008).

Here, we conclude that there was sufficient reasonable suspicion to prolong the traffic stop by what was, at most, a few minutes. The entire incident, from stop to arrest, was no more than twenty minutes in total. The traffic stop was extended in part because officers at the scene were unable to verify Stafford's identity. Under these circumstances, Stafford's nervous demeanor sufficed to create a reasonable

3

suspicion that criminal activity was afoot, at least to justify a minor intrusion. Therefore, we conclude that the district court did not err when it denied Stafford's motion to suppress.

Finally, Stafford contends that the district court erred when it did not require the Government to prove the prior convictions in its 21 U.S.C. § 851 (2006) notice beyond a reasonable doubt. While noting that the Government was not required to prove the disputed facts because Stafford did not contest their validity below, we further conclude that any error that the district court committed was harmless because the convictions were more than five years old, and therefore Stafford was barred from challenging them by 21 U.S.C. § 851(e) (2006).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

<u>AFFIRMED</u>

4